Opinion filed May 10, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00005-CR

                                                    __________

 

                          DAVID
ALBERT RODRIGUEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 358th District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. D-35,611

 



 

M
E M O R A N D U M   O P I N I O N

David
Albert Rodriguez, pleaded guilty in September 2009 to four counts of criminal
mischief.  In accordance with a plea agreement, the trial court assessed his
punishment at confinement in the State Jail Division of the Texas Department of
Criminal Justice for a term of two years on each count with the sentences to
run concurrently.  However, the trial court suspended the imposition of the
sentences and placed appellant on community supervision for a term of two
years.

The
State subsequently filed a motion to revoke community supervision alleging
numerous violations of the terms and conditions of appellant’s community supervision. 
The trial court considered the motion at a hearing conducted on October 3,
2011.  Appellant entered a plea of “true” to all of the alleged violations at
the outset of the hearing.  After considering evidence pertaining to
punishment, the trial court revoked appellant’s community supervision and
assessed his punishment at confinement in the State Jail Division of the Texas
Department of Criminal Justice for a term of two years.  We dismiss the appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the brief
and advised appellant of his right to review the record and file a response to
counsel’s brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

            Following the procedures outlined in Anders
and Schulman, we have independently re-viewed the record, and we agree
that the appeal is without merit and should be dismissed.  Schulman, 252
S.W.3d at 409.  In this regard, a plea of true standing alone is sufficient to
support a trial court’s decision to revoke community supervision.  See Moses
v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of the Texas Court of Criminal
Appeals seeking review by that court. Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex.
R. App. P. 68.

 The
motion to withdraw is granted, and the appeal is dismissed.  

 

                                                                                                            PER
CURIAM

            

May 10, 2012

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.

 









                [1]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s brief.